UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SANDRA PHILLIP,

                                        Plaintiff,

                      -against-

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___ 2/22/2021 ___

18-CV-5005 (SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

On June 5, 2018, the plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking

review of a denial of social security benefits. On May 9, 2019, the I remanded the case for

further proceedings, and Plaintiff ultimately received retroactive benefits from the Social

Security Administration ("SSA"). Plaintiff's counsel, Daniel A. Osborn, now seeks an award of

attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $5,225.00. See ECF No. 35. For

the reasons set forth below, I find that Plaintiff's counsel is entitled to $5,225.00 in attorney's

fees.

## BACKGROUND

Plaintiff Sandra Phillip retained Osborn Law, P.C., in June 2018, to initiate a federal

lawsuit to review the denial of disability insurance benefits. See ECF No. 36 at ¶ 2 ("Osborn

Decl."). On May 9, 2019, I remanded the case for further proceedings. ECF No. 30. On August

8, 2019, the Court approved a stipulation and agreement awarding Plaintiff $1,040.40 in

attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. ECF No. 33.

On June 23, 2020, following the remand and a second hearing before an administrative

law judge, Plaintiff was found to be disabled and entitled to benefits. Osborn Decl. at ¶ 10; ECF

No. 36, Ex. 4. On November 8, 2020, the Social Security Administration issued a Notice of Change in Benefits, notifying Plaintiff that she would receive retroactive benefits from the SSA. Osborn Decl. at ¶ 11; ECF No. 36, Ex. 5. As is common, the SSA withheld 25 percent of past due benefits in order to pay for the approved representative's fee. ECF No. 36, Ex. 5 at 3. In Plaintiff's case, $11,223.50 was withheld from her past due benefits in order to cover her representative's fee. Id.

Plaintiff's counsel filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) on January 11, 2021. ECF No. 34. Because of the Commissioner's unique role and expertise in this area, the Court ordered the Commissioner to respond to the plaintiff's motion. ECF No. 37. On February 16, 2021, the Commissioner filed a letter indicating that he "defer[red] to the Court's sound discretion" to determine the timeliness and reasonableness of Plaintiff's counsel's requested fees pursuant to § 406(b). ECF No. 40.

## DISCUSSION

Pursuant to 42 U.S.C. § 406(b), courts are authorized to award, "as part of its judgment," reasonable attorney's fees to a successful claimant's attorney, provided that the fee is "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." See Gisbrecht v. Barnhart, 535 U.S. 789, 807–08 (2002); Salvo v. Comm'r of Soc. Sec., 751 F. Supp. 2d 666, 670 (S.D.N.Y. 2010).

Two issues merit consideration in light of the circumstances of Plaintiff's counsel's request for attorney's fees pursuant to section 406(b): timeliness and the reasonableness of those fees. The Court addresses each in turn.

## I.    Timeliness

The Court of Appeals for the Second Circuit has recently held that the 14-day filing period (plus three-day mailing period) laid out in Federal Rule of Civil Procedure 54(d)(2)(B) for filing for attorney's fees is applicable to section 406(b) petitions, and that period begins to run "when the claimant receives notice [from the agency] of the benefits calculation." Sinkler v. Berryhill, 932 F.3d 83, 91 (2d Cir. 2019); see also Diberardino v. Comm'r of Soc. Sec., No. 17-cv-02868 (PKC), 2020 WL 6746828 (E.D.N.Y. Nov. 17, 2020) (discussing Sinkler). The court also concluded that the 14-day time limit laid out in Rule 54(d)(2)(B) "is subject to equitable tolling when § 406(b) motions must await the SSA Commissioner's calculation of benefits following a district court's sentence four remand judgment. In that circumstance, the fourteen-day filing period starts to run when the claimant receives notice of the benefits calculation." Sinker, 932 F.3d at 91. The Court of Appeals reasoned that such tolling was necessary "because parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award," and that it is only "[o]nce counsel receives notice of the benefits award" that Rule 54(2)(B)'s 14-day time limit would apply. Id. at 88 (emphasis added). Notwithstanding the 14-day period, however, the Court of Appeals noted that the deadline is "not absolute," and that a court is free to "enlarge that filing period where circumstances warrant." Id. at 89 (citations omitted).

Plaintiff's Notice of Change in Benefits is dated November 8, 2020. ECF No. 36, Ex. 5. Osborn filed his motion for attorney's fees 64 days later, on January 11, 2021. ECF No. 35. As Osborn explains, however, he only received Plaintiff's Notice on January 8, 2021, when it was relayed to him by the firm who represented Plaintiff before the SSA. Osborn Decl. at ¶¶ 13–14;

ECF No. 36, Ex. 6. The Commissioner's letter noted a question about the timeliness of the

application, although without objection. See ECF No. 40.

Osborn's filing two days after receiving the Notice, on January 11, 2021, therefore falls

within the 14-day period. See Sinkler, 932 F.3d at 88; Diberardino, 2020 WL 6746828, at *2–3

("The Second Circuit's reasoning in Sinkler, therefore, supports using the date on which

claimant's counsel in an SSA matter receives notice of a benefits award, not the date on which

the claimant receives notice, for purposes of equitable tolling. Indeed, at least one court in this

circuit has agreed." (citing Boylan v. Saul, No. 15-cv-06730 (LTS)(JCF), 2020 WL 5235755, at

*2 n.3 (S.D.N.Y. Sept. 2, 2020)).

Moreover, the circumstances here warrant "enlarg[ing] th[e] filing period." Sinkler, 932

F.3d at 89. Osborn represented Plaintiff only in federal court; another firm represented Plaintiff

in her administrative hearing and it was that firm that received Plaintiff's Notice—not Osborn.

Osborn Decl. at ¶ 13. Osborn's firm requested the status of Plaintiff's case before the SSA on

December 14, 2020, and again on January 3, 2021. ECF No. 36, Ex. 6. On Friday, January 8,

2021, Osborn received Plaintiff's Notice of Change in Payment and filed this motion the next

Monday, on January 11, 2021. Id. Accordingly, the Court finds Plaintiff's counsel's explanation

satisfactory and determines the application to be timely. See Diberardino, 2020 WL 6746828, at

*3 (collecting cases).

## II.    Reasonableness of the Attorney's Fee

Section 406(b) permits the Court to approve "a reasonable fee . . . not in excess of 25

percent of the . . . past-due benefits" awarded to the plaintiff. Gisbrecht, 535 U.S. at 795 (quoting

42 U.S.C. §406(b)(1)(A)). A court's analysis begins with "the agreement between the attorney

and the client, and then test[s] that agreement for reasonableness." Blizzard v. Astrue, 496 F.

4

Supp. 2d 320, 322 (S.D.N.Y. 2007) (internal quotation marks and citation omitted). "[T]he district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990) (citation omitted).

A court determines whether a fee is unreasonable by considering three factors: (1) "whether the contingency percentage is within the 25% cap;" (2) "whether there has been fraud or overreaching in making the agreement;" and (3) "whether the requested amount is so large as to be a windfall to the attorney." Id. at 372; accord Diberardino, 2020 WL 6746828, at *3.

Here, Plaintiff's counsel is requesting a fee of $5,225.00 under § 406(b), which is less than 25 percent of Plaintiff's past-due benefits (or $11,223.50). See ECF No. 35; ECF No. 36, Ex. 5. The Commissioner noted no evidence of fraud or overreaching and neither does the Court. ECF No. 40 at 3.

The amount also does not constitute a windfall. A court evaluates whether there is a windfall by evaluating (1) "whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through" non-boilerplate pleadings and "real issues of material fact and required legal research," and (3) "whether the case was handled efficiently due to the attorney's experience in handling social security cases." Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456–57 (W.D.N.Y. 2005).

Counsel's efforts were particularly successful given that "they contributed to the Commissioner's ultimate decision to stipulate to a remand" before briefing had even commenced. Valle v. Colvin, No. 13-cv-02876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019); see ECF No. 30. The matter did not progress to briefing for judgment on the

pleadings, and the court cannot assess, based on the boilerplate complaint, counsel's effort expended on this case. Lastly, in looking at whether the case was handled effectively, a court looks to the hourly rate. Id.

Plaintiff's counsel spent 5.5 hours on this case; given Plaintiff's counsel's requested § 406(b) fee of $5,225.00, Plaintiff's counsel's hourly rate amounts to a *de facto* rate of $950.00 per hour. ECF No. 35; ECF No. 36 at ¶ 7; ECF No. 36, Ex. 2. While this is certainly at the higher range of hourly rates for these types of cases, other courts in this district have granted similar, if not higher, rates. See, e.g., Muniz v. Comm'r of Soc. Sec., No. 18-cv-08295 (KMK)(PED), 2020 WL 8340078 (S.D.N.Y. Dec. 15, 2020) (approving a $1,257.15 hourly rate), report and recommendation adopted, 2021 WL 293381 (S.D.N.Y. Jan. 28, 2021); Valle, 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (approving a *de facto* hourly rate of $1,079.72 per hour); Nieves v. Colvin, No. 13-cv-01439 (WHP)(GWG), 2017 WL 6596613, at *2 (S.D.N.Y. Dec. 26, 2017) (approving an hourly rate of $1,009.11), report and recommendation adopted, 2018 WL 565720 (S.D.N.Y. Jan. 24, 2018). Accordingly, I find that Plaintiff's counsel's fee is reasonable.

## CONCLUSION

Having reviewed Osborn's January 11, 2021 motion, along with all supporting documents, the Court determines that the requested award is reasonable. Plaintiff's counsel is awarded fees of $5,225.00, which represents less than 25% of the past due benefits awarded to Plaintiff. Upon receipt of this sum, counsel for Plaintiff is directed to remit the previously awarded Equal Access to Justice Act fees in the amount of $1,040.40 to Plaintiff. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 34.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:     February 22, 2021
           New York, New York